IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MATTHEW D. BARDIN                                                                                    PLAINTIFF

v.                                            Case No.: 1:07-cv-1079

JIMMIE SIMMS and
LONNIE PARANUK                                                                                      DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Matthew Bardin (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on August 29, 2007.  (Doc. 1).  Defendants filed a Court-ordered Motion for Summary Judgment (Doc. 18), which is now pending before the Court.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Harry F. Barnes for the purpose of issuing a report and recommendation on Defendants' Motion for Summary Judgment.  Pursuant to this authority, the Court issues this Report and Recommendation.

**I. Background**

Plaintiff's claims stem from the time he was incarcerated in the Ashley County Detention Center.  Plaintiff alleges Defendants failed to protect him by giving him non-slip resistant shower shoes which caused him to slip on a flight of stairs on April 16, 2007.  Plaintiff further alleges he was not provided with adequate medical care after his injury.  Plaintiff was taken to the Ashley County Medical Center after his fall.  He was given ice and ibuprofen.  He was treated at the Mainline Health Clinic two days later on April 18, 2007, after complaining of wrist pain.  Plaintiff was also treated at Mainline on April 26, 2007 and May 9, 2007.  On May 9, 2007, Dr. Massanelli preformed open treatment of the fracture of Plaintiff's left thumb.  Dr. Massanelli re-examined Plaintiff on May 17, 2007 and observed Plaintiff to be healing well.  On May 23, 2007 Plaintiff was

treated at the Mainline Clinic for complaints regarding his thumb. Plaintiff's cast was removed on June 21, 2007. Plaintiff was given an x-ray on August 23, 2007, which revealed no evidence of a fracture. Other unrelated doctor's appointments were also conducted. Plaintiff states his claim is based upon the pain and suffering from his injury, rather than any delay in treatment. (Doc. 24, p. 3).

Plaintiff originally named the Ashley County Detention Facility as a Defendant in this case. Plaintiff then substituted "jail administration" with named individuals Defendant Jimmy Simms and Defendant Lonnie Paranuk for the Ashley County Facility. (Doc. 6, ¶ 3). Specifically, Plaintiff states it was to these individuals he sent in grievances and medical forms that were unanswered. (*Id*. at ¶ 3(a), ¶ 5). Plaintiff also indicates the Defendants are responsible for the inmates in the jail as they are the parties in charge of jail administration. (*Id*. at pg. 4).

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their official and personal capacity. Plaintiff's official capacity claims are tantamount to suing Ashley County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

Plaintiff states he endured cruel and unusual punishment due to the lack of safety he was provided in the Ashley County Detention Center. Plaintiff appears to be alleging the policy of providing non-slip resistant shower shoes violates his right to safety while incarcerated because of the risk of injury. To the extent Plaintiff is contending the policy of providing non-slip resistant shower shoes to inmates is responsible for his alleged constitutional violations, this policy is not unconstitutional on its face.

When a governmental entity through its agents, by virtue of its law enforcement powers, has arrested and imprisoned a person, it is bound to exercise ordinary and reasonable care, under the circumstances, for the preservation of the person's life and health. For a breach of that duty, the custodial entity may be liable in damages. *Weaver v. Clarke*, 45 F.3d 1253 (8th Cir. 1995). Where custodial officials evidence a deliberate indifference toward a serious and apparent risk to a prisoner,

there may be liability. *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556 (1st Cir. 1988). Thus there must be a showing that prison official had actual knowledge of the inhumane or unsanitary conditions. *Clark v. Armontrour*, 28 F.3d 71 (8th Cir. 1994). There is no liability for mere inconvenient conditions and relatively minor hardships, *Woods v. Edwards*, 51 F.3d 577 (5th Cir. 1995). Nor is there liability for minor or avoidable hazards. *Osolinski v. Kane*, 92 F.3d 934 (9th Cir. 1996).

Plaintiff has failed to show deliberate indifference to his safety by Ashley County. There is no evidence the policy makers knew the shower shoes would slip and yet still provided them to the prisoners. Moreover, there is no evidence falls on the stairs or other places in the jail had occurred before or after Plaintiff's injury, and thus no notice of the dangerous condition can be shown to be apparent to the officials. Viewing Plaintiff's allegations in the light most favorable to Plaintiff, it appears the officials may have been negligent, but nothing in the record suggests deliberate indifference to Plaintiff's safety.

Thus, Defendants' Motion for Summary Judgment regarding Plaintiff's official capacity claims should be **GRANTED**.

**B. Individual Capacity Claims**

<u>1. Cruel and Unusual Punishment/Lack of Safety</u>

Not all unsafe conditions are cruel and unusual punishment under the Eighth Amendment. First, to violate the Eighth Amendment, a condition must "involve the wanton and unnecessary infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). In the context of a claim of lack of safe custodial environment, an objectively serious safety risk to the plaintiff inmate must be shown. Second, the condition, or the risk it creates, must be the product of defendants' deliberate indifference; mere negligence does not violate the Eighth Amendment. *See Wilson v. Seiter,* 501

U.S. 294, 305 (1991).

In a similar case, *Walker v. Reed*, 104, F.3d 156 (8th Cir, 1997) a *pro se* Plaintiff alleged he slipped and fell because of water on the floor of the bathroom, causing injury to his arm and shoulder. *Id.* at 157. The Court found this claim was one of pure negligence, and negligence does not amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement. *Id.*

Like *Walker*, Plaintiff has asserted negligence by the Defendants in providing him with shoes which were not slip-resistant and thus caused his fall. At most, Plaintiff has made a claim of negligence, rather than one of a constitutional magnitude. While it is clear Plaintiff suffered what appears to be a painful injury, the acts of the Defendants in providing shower shoes which were not slip resistant is at most pure negligence. There is no allegation Defendants intended these shoes to be dangerous, or that Defendants were even aware the shoes could contribute to or cause a fall.

Plaintiff appears to be alleging the pain from his hand was tantamount to cruel and unusual punishment. However, at most the Defendants negligently contributed to his fall on the stairs. It is unclear from the record how the resulting pain could have been "wantonly or intentionally" inflicted as is the cruel and unusual punishment standard. Accordingly, Defendants' Motion for Summary Judgment regarding Plaintiff's claims of cruel and unusual punishment are due to be dismissed.

2. Denial of Medical Treatment

While Plaintiff initially alleged he was denied medical treatment, he has clarified that his complaint is based upon "pain and suffering" not lack of medical treatment. Plaintiff's hand injury occurred on April 16, 2007. He was treated at Mainline Health Clinic two days later on April 18,

2007 after complaining of wrist pain. Plaintiff was also treated at Mainline on April 26, 2007 and May 9, 2007. On May 9, 2007, Dr. Massanelli preformed open treatment of the fracture of Plaintiff's left thumb. Dr. Massanelli re-examined Plaintiff on May 17 and observed Plaintiff to be healing well. On May 23, 2007 Plaintiff was treated at the Mainline Clinic for complaints regarding his thumb. Plaintiff's cast was removed on June 21, 2007. Plaintiff was given an x-ray on August 23, 2007, which revealed no evidence of a fracture. Various other appointments unrelated to Plaintiff's complaints of hand pain were also conducted.

Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). The Eighth Amendment's "deliberate indifference" standard of review regarding conditions of confinement and claims of denial of medical care is the same for both pretrial detainees as well as convicted prisoners. *See, e.g.*, *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994); *Farmer v. Bernnan*, 511 U.S. 825 (1994). "Deliberate indifference" encompasses both that the official knows of and disregards and excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 825-26. The official must be (1) aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official must also draw the inference. *Id*.

Deliberate indifference to medical care includes intention interference with prescribed treatment. *See Estelle*, 429 U.S. at 104-05; *see also Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment or by prison doctors who fail to respond to prisoner's serious medical needs."). Mere allegation on part of prisoner, unsupported by medical evidence, as to treatment he allegedly required is not sufficient to prevent entry of summary judgment in Section 1983 action arising from prison officials' failure to

provide him with such treatment. *Crooks v. Nix,* 872 F.2d 800 (8th Cir. 1989).

The requirement of deliberate indifference can not be met in Plaintiff's case. The record shows Plaintiff received care for his injury after it happened, and continuos care throughout the healing stages. There is only one medical complaint on record (Doc. 22-3). In this complaint, Plaintiff states he is still suffering pain. The form is dated August 10, 2007. Plaintiff saw the doctor previously on June 21, 2007. After this complaint, Plaintiff saw the doctor on August 23, 2007 and was given an x-ray of his hand, among other treatment. Accordingly, Summary Judgment should be granted on Plaintiff's claims of denial of medical treatment.

### III. Conclusion

For the reasons stated above, it is my recommendation that Defendant's Motion for Summary Judgment (Doc. 20) be **GRANTED** in its entirety.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **19th day of February 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE